UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER LEMCKE, as Trustee
of the LD Trust Under Irrevocable
Trust,

    Plaintiff,

v.                                                                      Case No.:   2:24-cv-46-JLB-KCD

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
                                            /

## ORDER

In this property insurance dispute, Defendant Scottsdale Insurance Company moves to compel appraisal of the amount of loss, relying on an appraisal provision in the parties' insurance contract. (Doc. 16.)[1] Plaintiff Jennifer Lemcke does not dispute that appraisal is available under the facts here. Instead, she argues Defendant waived the right to demand appraisal by waiting until she filed suit. (Doc. 18.) According to Lemcke, Defendant needed "to invoke appraisal in response to [her] pre-suit notice . . . or the [Notice of] Intent to Initiate Litigation filed with the Florida Department of Financial

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations

Services on October 26, 2023." (*Id.*) The Court rejects Lemcke's waiver argument and will compel appraisal for the reasons stated below.

When an insurance policy contains an appraisal provision, as here, the right to appraisal is not permissive but mandatory. So once a demand for appraisal is made, "neither party has the right to deny that demand." *United Cmty. Ins. Co. v. Lewis*, 642 So. 2d 59, 60 (Fla. Dist. Ct. App. 1994). "[W]hen the insurer admits that there is a covered loss, any dispute on the amount of loss suffered is appropriate for appraisal." *Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.*, 162 So. 3d 140, 143 (Fla. Dist. Ct. App. 2014).

But a "party can [forfeit] its right to appraisal by actively participating in a lawsuit or engaging in conduct inconsistent with the right to appraisal." *Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, at *3 (M.D. Fla. Aug. 16, 2019). "[T]he question of [forfeiting an] appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether the [movant] acted inconsistently with their appraisal rights." *Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 493 (Fla. Dist. Ct. App. 2014).

According to Lemcke, Defendant waived its right to appraisal by not seeking such relief pre-suit, when it was on notice "that a dispute as to the amount of loss existed." (Doc. 18 at 4.) Lemcke notes that, as early as March

2

2023, she "provided both an engineering report explaining why the tile roof of the property required replacement and an itemized estimate of damages." (*Id.*) Still, Defendant did "not to invoke the appraisal process for nearly one (1) year after being on notice of the dispute." (*Id.*)

The Court is not persuaded. Lemke cites no policy provision that sets a deadline for invoking appraisal. And in the absence of such a term, Defendant was not required to seek appraisal before Lemke filed suit. "[A]n appraisal clause may be invoked for the first time after litigation has commenced." *Fla. Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So. 3d 703, 705 (Fla. Dist. Ct. App. 2009); *see also Am. Cap. Assur. Corp. v. Courtney Meadows Apartment, L.L.P.*, 36 So. 3d 704, 707 (Fla. Dist. Ct. App. 2010) (finding appraisal demand timely since the policy did not contain any language to invoke appraisal within set time from receiving or waiving sworn proof of loss). Put simply, an insurer does not act inconstant with its appraisal rights by waiting until suit is filed to demand appraisal. *Gonzalez v. State Farm Fire & Cas. Co.*, 805 So. 2d 814, 817 (Fla. Dist. Ct. App. 2000) (finding no waiver where motion to compel appraisal was made within thirty days of filing suit).

As mentioned, waiver occurs "when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." *Fla. Ins. Guar. v. Rodriguez*, 153 So. 3d 301, 303 (Fla. Dist. Ct. App. 2014). There was essentially a one-month delay from Defendant answering the

3

complaint and demanding appraisal. And during that time, Defendant did not actively litigate this case. Indeed, the Court stayed all discovery when entering the Hurricane Ian Scheduling Order. These facts do not trigger waiver. *Compare McPhillips v. Scottsdale Ins. Co.*, No. 2:18-CV-421-FTM-99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) (insured moved to compel appraisal one week after case was removed to federal court and about two months after case was first filed); *with Shoma Dev. Corp. v. Rodriguez*, 730 So. 2d 838 (Fla. Dist. Ct. App. 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before invoking the arbitration clause).

There is an "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have themselves contracted." *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019). Given this preference, and with no facts showing waiver, the motion to compel appraisal is both mandated by the policy and appropriate. "The case will [also] be stayed while the appraisal is obtained." *McPhillips*, 2018 WL 3805865, at *3.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Compel Appraisal and Motion to Stay (Doc. 16) is **GRANTED**.

2. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file and **ADMISTRATIVELY CLOSE THE CASE**.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal by **May 27, 2024**, and every ninety days after that until appraisal has ended.

4. Within 15 days of a signed appraisal award, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed, if at all.

**ENTERED** in Fort Myers, Florida on February 27, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

5